## Morgan *et al. versus* Browne.

1. Browne leased to Morgan, a space of twenty-two feet east, &c., to be and remain open as a passage-way, to be used by Morgan in common with Browne and his other lessees, &c. In action for rent, defendants filed an affidavit of defence, and gave notice of special matter, concluding "the facts are more fully set out in copy of the affidavit of defence hereto annexed." A witness being called by defendant, plaintiff asked what was to be proved by him; the defendant answered, the matters contained in the notice and affidavit, but did not, on being asked, say which. The court rejected the testimony. *Held* to be correct.

2. The party producing a witness may be asked to state what is to be proved by him, so that if the facts are irrelevant they may be excluded.

3. It is an evasion of this rule for a party when thus called on to refer to the affidavit of defence:—it would bring before the jury the sworn *ex parte* statement of defendant without opportunity of cross-examination. Such practice is irregular.

[Morgan v. Browne.]

4. On demand for the rent the defendants wrote to plaintiffs, giving a reason for declining to pay: in the suit the defence was on a different ground. *Held*, that the letter was evidence to show that he then set up a different ground for not paying.

February 27th 1872.    Before AGNEW, SHARSWOOD and WILLIAMS, JJ.    THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 9, to January Term 1872.

This was an action of covenant on a lease, commenced July 19th 1870, by G. Blight Browne, against Joshua Morgan, Edwin L. Morgan and Arthur Orr, trading as Morgan, Orr & Co.

The declaration was on a lease dated May 1st 1866, from the plaintiff to the defendants, for a lot and the buildings on it from May 1st 1866, for ten years, at an annual rent of $1500, payable quarterly, averring that the defendants have entered into possession of the premises under the lease and there was due of the rent on the 1st of May 1870, the sum of $1125.

The defendants pleaded payment with leave, covenants performed *absque hoc*, and a special plea of eviction, with other pleas.

They also filed an affidavit of defence: That at the time of the leasing, there was a brick building on the end of the premises, which the plaintiff covenanted to take down and remove, after the lease of one Thomas Schofield had expired, to wit, on the 1st day of May 1867; that plaintiff had declined and neglected to remove it, thereby preventing defendants from having a passage over the ground upon which said building stands, and through their other property into Callowhill street; and without that passage-way, they would not have rented the premises of the plaintiff and made the improvements they did, and were required to do by the terms of the lease, their part of which they have fully complied with; that by the lease a passage-way of twenty-two feet was to remain open and for the use of these defendants, with the privilege of opening a gateway through a building fronting on Willow street, whereby the defendants would have had a continuous passage way from Callowhill street north to Willow street, which was one of the inducements moving them to the leasing of this property of the plaintiff, as they could along such passage-way have exit for their teams, machinery, &c., that the plaintiff did not put defendants into possession of the said twenty-two feet; that about July 1867, he rented the mill on the westward of this space to one Albert D. Cooke, who entered into possession of the said twenty-two feet, and proceeded under his lease with the plaintiff to erect upon the twenty-two feet wide passage-way a boiler-house, &c., thereby shutting up the passage-way and rendering it impossible for defendants to open a gateway into Willow street, or have free exit and ingress across the said twenty-two feet; and said lessee of plaintiff, with the knowledge of said plaintiff, and against the remonstrance

[Morgan *v.* Browne.]

made by defendants to plaintiff for the breach of his cove-
nant with the defendants, placed upon it lumber, &c., said Cooke
carrying on the business of a planing and box-making mill;
that in 1869, when said defendants absolutely refused to pay
any further rent until plaintiff complied with the covenants in said
lease, and to deduct the amount of damages they suffered from
the breach by plaintiff of the conditions of the lease, said plain-
tiff filed a bill in equity, in the Supreme Court of the state
of Pennsylvania, against the said A. D. Cooke, in which said
plaintiff admits the obstructing of the passage-way, endangering
the buildings by fire, and increasing the cost of insurance thereof
from risk by fire.    That from plaintiff giving possession of this
passage-way to said Cooke, allowing him to erect said boiler, &c.,
the property of defendants had suffered large loss by fire commu-
nicated to their buildings from the smoke-stack erected upon the
said twenty-two feet passage-way by Cooke, with the knowledge
of the plaintiff; that they were compelled to erect battlement
walls to their buildings, to protect them from fire from that source,
to purchase hose and have apparatus to put out the fires, which
disturbance and loss was occasioned by the plaintiff not giving to
defendants the use of the said twenty-two feet, in accordance with
the covenants of said lease; that said Browne, the plaintiff, had
repeated notice from the defendants before the commencement of
this suit, and before the withholding of the rent sued for, to put
the defendants into possession of the premises, in accordance with
the terms of said lease, which he refused and neglected to do.
That the damage suffered by the defendants, from the aforesaid
acts and omissions of the plaintiff, would amount to the sum of at
least two thousand dollars, which they claimed to offset against the
plaintiff's demand.

The defendants' attorney gave notice of special matter, viz:
" To show the damage they have suffered for the neglect, refusal,
failure and breach of covenants of said plaintiff in not keeping
open the space of wenty-two feet wide east of the said stone
building, to be and remain open as a passage-way, to be used by
the said defendants in common with the said plaintiff and his other
lessees, and for the damage resulting to the defendants by the
blocking up of the same; also the damages from plaintiff not
taking down the small brick building on the rear of the demised
premises, which damages they claim to amount to the sum of two
thousand dollars.    The facts which the evidence will be offered to
prove, are more fully set out in the copy of the affidavit of defence
hereto annexed, make part of this notice of special matter."

On the trial, April 17th 1871, before Stroud, J., the plaintiff
gave in evidence the lease declared upon, which was for a lot with
the building on it, situated on the south side of Willow street,
between 12th and 13th streets, Philadelphia, beginning at the dis-

[Morgan v. Browne.]

tance of twenty-two feet eastward from the east line of the stone mill occupied by Thomas Schofield, &c., the twenty-two feet *east of the said stone building* to be and remain open as a passage to be used by the lessees (the defendants), in common with the lessor, plaintiff and his other lessees; the defendants to have the use of the brick building over to the passage, and at their convenience open the passage through the lower story of the brick building; until so opened, the passage to be used as it then was; the small building on the rear end of what is intended to be the passage-way, and then used by Thomas Schofield, to remain in his possession until May 1st 1867, when his lease would expire and then to be taken down; possession of the *brick* building to be given May 1st 1866, when Schofield's lease would expire, or as soon as plaintiff could obtain possession of it. Defendants to alter the building at their own expense to suit their business, plaintiff to pay $500 toward the expense, &c., the rent to be $1500 per annum, payable quarterly.

The plaintiffs having rested, the defendants gave evidence by E. L. Morgan, that the small building had not been taken down according to the contract. Defendants had requested P. A. Browne, son of the plaintiff, to take it down; it was taken down by plaintiff, January 16th 1871; the twenty-two feet passage had never been left open for defendants' use.

The defendants gave in evidence the lease to Schofield, produced by plaintiff on call; it was dated February 27th 1866, for the "stone mill occupied by him on Willow street, and also picker house in the rear thereof," for a year from May 1st 1866; Schofield to deliver premises at the end of the term; with right of way on the *west* side of the mill.

The defendants called plaintiff, who testified, that Schofield fixed up a place in the small building in the yard for a press-room; he had no right on the twenty-two feet space.

The defendants read a lease from plaintiff to Albert D. Cooke, produced by plaintiff upon call. The lease was dated July 5th 1867, for the rent of the mill and picker house occupied by Schofield for five years, from November 1st 1867, with right of way on the *west* side of the mill and also on the *east* side, " in common with and subject to lease of G. Blight Browne to Morgan & Orr," with other privileges and restrictions. The defendants offered in evidence the deposition of A. D. Cooke: the plaintiff objected to the answer to the following question in the deposition, viz.: What were your rights under the lease? It was rejected by the court and a bill of exceptions sealed.

In his deposition, Cooke testified that he had rented from plaintiff the stone mill, with premises attached; which had been occupied by Schofield. The premises leased by witness from plaintiff were a stone building on Willow street, picker house " one story

brick building in the rear of the former building;" he rented exactly what Schofield occupied.

The defendant offered to prove "the terms agreed upon by Peter A. Browne and A. D. Cooke, as to occupancy by Cooke of the twenty-two feet passage way on the east side of the mill, rented by Cooke from plaintiff."

This was objected to by plaintiff, rejected by the court, and a bill of exceptions sealed.

The defendants offered the record of proceedings in equity in the Supreme Court, by G. B. Browne against A. D. Cooke, to January Term 1869. By the bill in that case, Browne, amongst other things, sets out the lease to Cooke; the lease to defendants, specifying as in the lease, the privilege to defendants to use the twenty-two feet passage in common with Browne and his other lessees; and charged that Cooke had obstructed the twenty-two feet by shavings and other rubbish, without the consent of Browne or the defendants, endangered Browne's other buildings; increasing the cost of insurance and that Browne's mill, &c., and the mill of another of his tenants had been damaged by fire, communicated from the rubbish placed there by Cooke; the prayer of the bill was that Cooke might be restrained from piling and storing lumber, &c., in the passage-ways, &c. The defendants again called E. L. Morgan, and being asked by plaintiff what they proposed to prove, answered that they offered to prove the matters set out in the notice of special matter.

The plaintiff objected "that the matters referred to as contained in the affidavits of defence were for the most part acts and things done by others, and not by plaintiff, and the court should require the defendants to state which of the matters and things contained they intended to prove by the witness, and that defendants should also offer to prove the plaintiff's connection and participation in each of the matters and things offered to be proved."

The offer was rejected and a bill of exceptions sealed.

The defendants closed.

The plaintiffs offered in evidence a lease from defendants to Langenbach and others; the offer was objected to by the defendants, admitted by the court, and a bill of exceptions sealed.

The lease was dated June 1st 1866, for the building "situate on the south side of Willow street, &c., said building beginning on the *east* line of the stone mill now occupied by Thomas Scofield and extending eastwardly with a front of 65¾ feet, and depth of 27 feet. This lease is for five years, from June 1st 1866," &c.

The plaintiff offered in evidence a letter from defendants to him dated November 16th 1869; the defendants objected to the offer, it was admitted and a bill of exceptions sealed.

The letter appeared on its face to be in answer to one from plaintiff, demanding payment of rent. It stated that the reason

[Morgan v. Browne.]

the rent had not been paid was because Cooke, the other tenant of the plaintiffs, had used shavings for fuel; the building rented by defendants had been fired many times during the previous summer; that for their own and the plaintiff's protection the defendants had to purchase hose and other appliances to extinguish fire: that they had repaired the roof at a cost of $50; "when this amount is deducted from the rent due you on the 1st inst., the balance will be paid. * * * We decline paying for this reason."

The court charged the jury: "There is no evidence for defendants here for you to consider, the claim is for rent, and there is no evidence of damage to defendants, caused by the plaintiff, and you must find for the plaintiff."

The verdict was for the plaintiff for $1206.88.

The defendants took out a writ of error, and assigned for error:

1. Rejecting the answer to the question in Cooke's deposition.

2. Rejecting the offer to prove the terms agreed upon between P. A. Browne and Cooke, as to the occupancy of the twenty-two feet.

3. Rejecting the offer to prove the matters set out in notice of special matter.

4. Admitting the lease of Langenbach and others.

5. Admitting the letter of defendants to plaintiff.

_D. W. Sellers_ (with whom was _C. J. Bonsall_), for plaintiffs in error, as to first and second assignments cited Hite _v._ Kier, 2 Wright 72.

_F. C. Brewster, Jr._, for defendant in error.

The opinion of the court was delivered, March 4th 1872, by

SHARSWOOD, J.—The testimony offered by defendants below— the rejection of which is complained of in the 1st assignment of errors, was clearly incompetent. The witness was asked what were his rights under a lease which was in writing and in evidence. It is very manifest, that any answer could only have been the opinion of the witness, and inadmissible.

The second assignment complains of the exclusion of an offer by the defendants below, to prove the terms agreed upon by Peter A. Browne and A. V. Cooke, as to the occupancy by Cooke of the twenty-two feet passage-way on the east side of the mill rented by Cooke from the plaintiff. The lease by the plaintiff to A. D. Cooke, was in writing and in evidence, and it was not proved, or offered to be proved that Peter A. Browne had any authority to agree upon any other or different terms. The learned judge was, therefore, clearly right in overruling this offer.

The third assignment is the exclusion of the testimony of Edwin L. Morgan, one of the defendants. When this witness was pro-

[Morgan *v.* Browne.]

duced, the plaintiff's counsel required, as he had a right to do, that the counsel for the defendants should state what he proposed to prove by him. The answer was, that he offered to prove the facts and matter set out in the notice of special matter as given to the counsel for the plaintiff. This notice was produced, and stated on its face that "the facts the evidence will be offered to prove, are more fully set out in the copy of the affidavit of defence hereto annexed." Copies of two affidavits are attached. The plaintiff then objected to this statement, and required the defendants to state which of the matters and things contained they intended to prove by this witness. To this call there was no response, and the learned judge thereupon rejected the offer. It is well established that, when a witness is offered, the counsel of the party producing him may be called on to state what he proposes to prove by him, in order that if the facts are irrelevant, they may be excluded: Small *v.* Jones, 6 W. & S. 122; McClelland *v.* Lindsay, 1 W. & S. 362; Milliken *v.* Barr, 7 Barr 23. It is an evasion of this rule, for a party when thus called on, to refer to the affidavit or affidavits filed in the case. If they are read, and their pertinency discussed in open court, it brings before the jury the sworn *ex parte* statement of the defendant without the opportunity of cross-examination. Such a practice is altogether irregular, and the learned judge below committed no error, especially when the defendants, though called on, did not state which of the matters and things contained in the affidavits they intended to prove by the witness.

The fourth assignment of error is to the admission of a lease made by the defendants, offered by the plaintiff in rebuttal. It is contended that there was nothing in evidence which it was relevant to rebut. But this is a mistake. The deposition of Albert D. Cooke was in evidence on the part of the defendant, and the lease in question tended directly to show, that before the lease by the plaintiff to Cooke, and before the time when the plaintiff, as alleged by the defendants, was bound to remove the small building occupied by Thomas Schofield, in order to make a clear passage-way of twenty-two feet, the defendants by the lease to Langenbach, Preusch & Hauck, had debarred themselves from the use of the passage-way, and had sustained, therefore, no damage by the non-removal of the small building by the plaintiff.

The letter of defendants of November 16th 1869, to the plaintiff, the admission of which is complained of in the fifth specification of error, was also clearly admissible. It showed that the defendants then set up as a reason for non-payment of rent, not the breach of covenant as now alleged, but entirely different matters.

Judgment affirmed.