# Robert Hudson *v.* North West, Appellant, C. E. Lockwood and A. H. Meech.

*Contract—Corporation—Stock.*

In an action of assumpsit for money had and received a verdict and judgment for the plaintiff will be sustained where it appears that he gave money to the defendants under an agreement that he should receive certificates of stock of a corporation to be formed by defendants for the manufacture of certain patent articles; that no such corporation was formed by defendants, and that the plaintiff waited five years for the organization of the company, before bringing suit. In such a case, it is immaterial that the defendants used plaintiff's moneys in the developement of patents, or that they used due efforts without success to form the company; nor is it of any consequence who should have control of the patents, when issued.

Argued Nov. 12, 1898. Appeal, No. 128, Oct. T., 1898, by defendants, from judgment of C. P. No. 2, Allegheny County, April T., 1896, No. 607, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for money had and received. Before WHITE, P. J. West was the only defendant served.

At the trial it appeared that plaintiff had paid over to defendants $5,000, under an agreement which was in part as follows:

" And we agree with you to protect you in your investment with us, and that we will consider you as one of us in holding control of the company, and we will see that your interests are protected, and that as long as we are connected with the business your interests shall be identical with ours, and you will be taken care of; and in the event of our selling out or combining with any other parties in the same business, your interests will be protected to the full amount of stock your interest represents. We will give you receipts for the $5,000 as you pay it in to us, and we will issue proper certificates of stock when the company is properly formed, which will not be until we are ready to put the goods on the market later."

The company to be formed was for the manufacture of patent carpet lining and bottle wrappers.

At the trial defendant offered to prove by C. E. Lockwood

that immediately after the execution of the agreement he was in communication and consultation with plaintiff, and that the witness and plaintiff advised from time to time with regard to the propriety of the issuing of the stock and the forming of the corporation, the sale of the patents and the general furtherance of the interests of the business, in the absence of West, the defendant, and without consultation with him; and that the witness, with the full knowledge of the plaintiff in this case, expended the money that was invested by plaintiff and others in furtherance of the interests of their joint business.

By the Court: The consent of the plaintiff to use money by way of perfecting patents is no defense in this action. The only thing is that they never issued this stock as they agreed to issue it and organized the company as they agreed to organize it. Any testimony that shows that the plaintiff agreed that the company should not be organized and no stock should be issued will be received in evidence. [5]

Defendant offered to prove by the same witness that upon receipt of this money, under the directions of the plaintiff in this case, and without the consent or knowledge of the defendant West, he proposed to expend the money invested by the said plaintiff in the purchase of patents and generally for the furtherance of the common interest of the joint enterprise ; for the purpose of showing, in connection with the foregoing testimony, that not only was the delay in forming the corporation and issuing the stock assented to by plaintiff, but that also the money invested by him in this corporation was expended by and with his full knowledge and consent, in the furtherance of the interests of the business for which it was contributed.

By the Court: All of that is no defense in this action. Presumably the money was given to and paid by him for that very purpose. [6]

Defendant further offered to show by the same witness that the money invested by plaintiff was expended by the witness in accordance with and as contemplated by the agreement under which said money was invested.

By the Court: It is to be presumed that he spent the money according to the arrangement with the plaintiff. There is no need of proving it. The money was contributed by the plaintiff for the purpose of getting stock in this proposed corpora-

tion, and the money was to be expended doubtless for that very purpose. It does not touch the liability of the parties on the contract with the plaintiff, and that is what we have before us. [7]

The witness was asked the following question by defendants' counsel:

"You may state whether or not at the time this agreement was executed, or at the time this money was paid, any arrangement or agreement was made between you and the plaintiff as to who should have control of these patents for the use of the company and the use of these parties."

The question was objected to as incompetent.

By the Court: Objection sustained and bill sealed. [8]

The court charged in part as follows:

[Now, there is no specified time here for getting his stock, but the presumption would be in law that it should be obtained in a reasonable time after this, and that these parties would show all due diligence to form that company and to issue the stock. He got no stock. As I said, during the year 1892, after this, the sale of 1892, and during 1893, he corresponded with both West and Lockwood to know why the company was not formed and why he did not get some dividends or some interest, or something, for the money he invested.] [3] . . . .

[If there had been any good reason why this corporation, or this company, should not be organized, that might be a good defense in the action, if they intended to carry it out; but if the intention to get a corporation or a company organized is abandoned, then this money must be returned.] [4]

Verdict and judgment for plaintiff for $6,507.19. Defendant appealed.

*Errors assigned* among others were (3, 4) above instructions, quoting them; (5–8) rulings on evidence, quoting the bill of exceptions.

*John F. Cox*, with him *L. K. & S. G. Porter*, for appellant.— The agreement provided, inter alia, "We will give you a receipt for the $5,000 as you pay it in to us, and will issue proper certificates of stock when the company is properly formed, which will not be until we are ready to put the goods on the market

later." This clause of the agreement fixed no time for the
formation of the company, but on the other hand provided that
it should not be formed until the goods were ready to be put
upon the market. The self-evident purpose being to await
the development of patents and the prospect of sale or combi-
nation with others as therein expressed.

The testimony of Lockwood stands uncontradicted that the
money had been properly applied, the assets intact, and that all
due diligence had been used. But if the question of diligence
was material it would not operate in favor of the plaintiff
against West, whom the plaintiff did not recognize in the trans-
action, and whom he did not see in connection with the busi-
ness, for a year and nine months after he had paid the money
to Lockwood.

This agreement was made without consulting West, and
money paid, and the money expended for the benefit of the
company, and doubtless no complaint would ever have been
made if the machinery and patents had met with a ready mar-
ket, but after taking the chance he thought he could get his
money back from West by rescinding the contract. The un-
contradicted testimony was that the assets are intact, and were
at the time this suit was brought, and the agreement fully com-
plied with, save the formality of issuing stock, which was
clearly waived by the plaintiff.

*James T. Buchanan,* for appellee.—When a contract is silent
as to the time when an act is to be performed, the law annexes
a reasonable time, and what is a reasonable time under the cir-
cumstances of the case is usually a question for the jury: Kear-
ney v. Hogan, 154 Pa. 112; Boults v. Mitchell, 15 Pa. 371;
Lancaster Bank v. Woodward, 18 Pa. 362; Shepler v. Scott,
85 Pa. 329; Saltonstall v. Little, 90 Pa. 425; Wagenseller v.
Simmers, 97 Pa. 465; Patterson v. Graham, 164 Pa. 235.

If an offer of evidence be objectionable in part, it is not error
to reject it as a whole: Evans v. Evans, 155 Pa. 572; Smith v.
Bank, 104 Pa. 518; Collins v. Houston, 138 Pa. 481.

OPINION BY MR. JUSTICE GREEN, January 3, 1899:

By the terms of the agreement between the plaintiff and the
defendants, the latter agreed that in consideration of the plain-

tiff investing with them $5,000 in a company to be formed by them for the manufacture of patented carpet lining and bottle wrappers, they, the defendants, would issue to him $10,000 of the stock of the company. The defendants further agreed that they would give the plaintiff a receipt for the $5,000 as the money was paid in and would issue proper certificates of stock when the company was properly formed, " which will not be until we are ready to put the goods on the market later." The plaintiff paid in his $5,000 to the defendants shortly after the agreement was made, which was dated April 16, 1892, the payments being completed by June 14, 1892. The company was not formed during 1892 and in September of that year the plaintiff wrote to the defendant Lockwood about the delay, and received a reply that they would commence operations the following spring. Nothing was done in the spring of 1893, and other correspondence followed which resulted in a meeting of the parties in New York in January, 1894. At that meeting the defendants agreed to refund to the plaintiff his $5,000, and, until it was paid, they agreed to pay interest on the money. On February 3, 1894, they paid him $100 on account of the interest, and in December, 1894, a further payment on account of interest of $145.15 was made, and after that nothing more was paid of either interest or principal. More correspondence ensued during the years 1894, 1896 and 1897, with promises to pay on the part of the defendants, but which promises were never fulfilled, and finally the plaintiff brought the present action in 1897. West was the only defendant served with process, as the others resided out of the state. Nearly five years had then elapsed since the agreement was made, and no company was formed, no stock was given to the plaintiffs ; there was indeed no stock in existence, and no money was paid back to the plaintiff except the two small payments on account of interest. We think the court below was entirely correct in charging the jury that the question for them was, why should not the plaintiff have back his money? The court further charged the jury that as no time was fixed in the agreement for completing the organization of the company it must be done in a reasonable time, which was quite right. We do not discover any error in the charge nor in the rejection of the offers of testimony. The question seems to be of the simplest char-

acter. There was no pretense of any compliance on the part of the defendants with the terms of the contract. They received the plaintiff's money in consideration that they would form a company and give him stock therein to the amount of $10,000, and they did nothing of the kind. They certainly cannot keep the plaintiff's money in those circumstances. Their want of success in the formation of the company is no concern of the plaintiff, and it is no defense in this action.

Nor is it of any account that the money was properly applied in the development of patents and in other expenses. That was not a contingency in which the defendants would be relieved of their liability. Nor was it of any consequence who should have control of the patents when issued, and hence the offer of proof on that subject was properly rejected. Mr. Lockwood was allowed to testify fully on these subjects, but his testimony did not change the legal aspects of the matter in the least. The assignments of error are all dismissed.

Judgment affirmed.