## Kershner v. Kemmerling, Appellant.

*Appeals—Assignments of error—Exceptions—Evidence—Quashing appeal.*

Where no formal bill of exceptions is made up and sealed, it must appear, in order to bring exceptions to rulings upon evidence upon the record, that the stenographer's notes of the trial have been approved by the judge as correct. If such has not been done, and the only error assigned is to a ruling upon evidence, the appeal will be quashed.

*Practice, C. P.—Trial—Evidence—Request for offer.*

Where the relevancy of a question put to a witness does not appear in the question itself or in anything that has preceded, a request for an offer to show the purpose of the question should be allowed, and if such an offer is not made, the question should be excluded.

Argued Dec. 7, 1903. Appeal, No. 32, Oct. T., 1903, by defendant, from judgment of C. P. Schuylkill Co., May T., 1901,

182     KERSHNER *v.* KEMMERLING, Appellant.

Statement of Facts—Opinion of the Court. [24 Pa. Superior Ct.

No. 45, on verdict for defendants in case of Absalom Kershner v. Magdalena Kemmerling et al.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Scire facias to revive a judgment.    Before SHAY, J.

At the trial the plaintiff called by the defendants was asked this question as to the note on which judgment had been entered:

Q. State when this note was made and who made it.

Mr. Koch: Objected to.    What is the purpose of the question?

Mr. Webb: We have the same right to make any defense which the administratrix made, or could have made.    We have a right to question any item in the judgment obtained against the administratrix.

Mr. Koch: You must go to the original judgment and take a rule to open.

Mr. Webb: We have decisions that we have a right to question any point.    Cites Atherton v. Atherton, 2 Pa. 112, and several others.    We have a right to question that note.

The Court: I don't think that authority cites that.

Exceptions granted.

The Court: Sustain the plaintiff's objection; sealed bill for the defendant.

Verdict and judgment for plaintiff for $750.30.    Defendants appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*W. F. Shepherd*, with him *E. J. Webb*, for appellants.

*R. H. Koch*, with him *George W. Gise*, for appellee.

PER CURIAM, January 21, 1904:

The single assignment of error in this case is based upon an exception alleged to have taken upon the trial to a ruling of the court sustaining an objection to a question put to a witness called by the defendants.

But it is objected by the plaintiffs counsel that the assignment should be dismissed and the appeal quashed, because the stenographer's notes of the trial in which the ruling appears were not approved by the judge and filed by his direction. It appears upon an inspection of the judge's certificate, that this objection is well founded. He not only declares that the notes are incomplete and points out a material omission, but omits—we must presume intentionally—to approve as correct what does appear in the transcript. It is now well settled that where no formal bill of exceptions is made up and sealed, it must appear, in order to bring exceptions to rulings upon evidence upon the record, that the stenographer's notes of the trial have been approved by the judge as correct: Commonwealth ex rel. v. Arnold, 161 Pa. 320.

But even if we were to assume—which seems unwarrantable—that the judge intended to approve the transcript except in the particular pointed out in his certificate, the assignment of error could not be sustained. Where the relevancy of a question put to a witness does not appear in the question itself, or in anything that has preceded, there is a propriety in calling upon the counsel producing the witness to state what is the purpose of the question, or what is proposed to be proved by the witness, and in objecting to the question being answered before the request is complied with. " There can be no inspection of his testimony before hand, and it may be not only irrelevant, but highly improper, and the opposite party has a right to guard against possible danger in this way : " Myers v. Kingston Coal Co., 126 Pa. 582; Morgan v. Browne, 71 Pa. 130. If in the special circumstances at the moment when the question arises, the request does not appear to be unreasonable, and it is not complied with, the court commits no error in sustaining the objection. Here the request to have the purpose of the question stated was entirely reasonable, and should have been complied with. Therefore the defendants would have no just cause to complain of the ruling assigned for error even if it were properly on the record. But apart from this the motion to quash must prevail for the reasons stated at the outset of this opinion.

The appeal is quashed.