## Stephens *v.* Gunzenhauser, Appellant.

*Ejectment—Meaningless verdict—New trial—Abuse of discretion—Review.*
Where in an action of ejectment the court accepts a verdict for plaintiff
containing words purporting to be a description, which were in fact a
meaningless and impossible description of any land, and judgment is en-
tered on the verdict, the appellate court will reverse the judgment, set
aside the verdict and grant a new trial. Such a verdict cannot be amended.

Argued Nov. 15, 1904. Appeal, No. 44, Oct. T., 1904, by
defendant, from judgment of C. P. Lancaster Co., April T.,
1901, No. 17, on verdict for plaintiff in case of Ada E. Ste-
phens v. Christian Gunzenhauser. Before RICE, P. J., BEA-
VER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON,
JJ. Reversed.

Ejectment for land in the city of Lancaster. Before LAN-
DIS, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were in entering judgment on the verdict
and in refusing to grant a new trial.

*H. Carpenter* and *W. U. Hensel*, for appellant.

*B. F. Davis*, and *H. M. North*, for appellee.

OPINION BY ORLADY, J., March 14, 1905:
The præcipe in this case particularly described the land in
dispute by reciting all of its ten courses. Starting from a
fixed point and following the building and fence lines on the
ground to the place of beginning, and also by giving the ad-
joiners of public streets and owners. The distances between
all designated points are given in feet and inches so that its
form can be clearly and definitely circumscribed. The ver-
dict returned by the jury was "in favor of the plaintiff and
against the defendant the disputed land between two prop-
erties from a point north west King street 57' 37" to south east
corner of bake house, thence north to a point 48' 95" south
from Grant street south east corner of stable." This verdict

does not correspond with the description of the land mentioned in the præcipe, nor with any subdivision of it. It represents but lines without regard to boundaries of inclosed space, and it is not possible to make a connected plot or draft to speak for it. It is alleged and not denied that the jury were asked by the court when the verdict was received " Whether or not they meant to render a verdict in favor of the plaintiff for the whole of the land in dispute, and it was indicated by some of them that they did." Nothing further was done to incorporate this important fact in the verdict and the one accepted by the court is in contradiction of the fact which some of the jurors are alleged to have stated orally.

The verdict is not a finding for the plaintiff generally for the land in dispute, but is limited by the description incorporated in it, and when applied to the recital contained in the præcipe it is a meaningless and impossible description of any body of land. We are powerless to amend it for the reason that the defects are substantial and not merely formal; it is not only uncertain, but is incapable of being reduced to a certainty.

The Act of March 14, 1872, P. L. 25, does not warrant such a radical change of a verdict, under the guise of an amendment, as would be necessary to give this verdict an intelligible construction. To make it effective we would be obliged to guess at the intention of the jury and substitute our judgment for theirs. The verdict could have been amended or entirely changed while it was yet within the control of the jury and court; but this was not done, and we are confined to the one as returned and accepted by the court, as the final and conclusive decision of the jury : Harris v. Pittsburg etc. Ry. Co., 11 Pa. Superior Ct. 6 ; 5 P. & L. Dig. of Dec. 7718–22. The third and sixth assignments of error are sustained.

The refusal of the court to grant a new trial rests as a rule in the sound discretion of the court and will not be reviewed on appeal. For this principle McKenney v. Fawcett, 138 Pa. 344, stands as a favorite authority. The fault with this record lies as much in entering judgment as in refusing to set it aside and grant another trial. Smith v. Times Publishing Company, 178 Pa. 481, and Mix v. North American Company, 209 Pa. 636; recognize the necessity for the review of judgments entered on verdicts that are not proper, even when they have been regarded

by the lower courts as sufficient.  In the former case the Supreme Court said: "When there is an allegation of the court's abuse of its discretionary power in passing upon an application for a new trial, we have repeatedly held it to be our duty to inquire into the facts, and if after due consideration of them, abused discretion clearly appears, the improper action below must be reviewed and the wrong done corrected."  The instances are rare in which the power of the appellate court is to be exercised, and it will be asserted only when there is a manifest wrong done in accepting a verdict which should be set aside, for reasons established by clear proof.  The case presented by this record is such an exception.

The judgment is reversed and a venire facias de novo awarded.