## Hentzler *v.* Weniger, Appellant.

*Appeals—Assignments of error—Granting new trial—Quashing assignments.*

Assignments of error to the effect that the court erred in entering judgment for plaintiff on the verdict, and in not granting a new trial, will be dismissed, where it appears that all defendant's points for charge were withdrawn, excepting one, which was affirmed, that the charge was not excepted to, that the verdict was regular in form, that there was no motion in arrest of judgment, or for judgment for the defendant non obstante veredicto, that no exception was taken to the order overruling the motion for a new trial, and that the reasons assigned in support of that motion were not printed in the appellate's paper-book.

*Contract—Decedents' estates—Evidence.*

In an action against an executor based upon an alleged contract made between decedent and plaintiff, unsworn declarations of the testatrix, in the absence of plaintiff, at the time she made her will, are irrelevant to the question at issue, namely, whether she made the alleged contract, or was justified in refusing to perform it.

Even if such declarations were admissible, an offer relating to them will be overruled, where it does not set forth the substance or purport of the declarations, so as to enable the court to determine whether they were favorable or otherwise to the defendant.

Argued Oct. 9, 1906. Appeal, No. 97, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1905, No. 951, on verdict for plaintiff in case of Charles Hentzler v. Hans Weniger, Executor of Mary Barbara Schunzel, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a contract. Before AUDENRIED, J.

At the trial it appeared that plaintiff, a brother-in-law of

the decedent, claimed to recover for board and care of the decedent from May, 1901, until May, 1902. Decedent died on August 6, 1903. There was evidence that decedent left the plaintiff's house in May, 1902, and resided elsewhere until she died.

When Hans Weniger, the executor, who also made the will, was on the stand the following question was addressed to him : " Q. I see by the last will which was offered in evidence here, the one which was probated, has a clause in it which the decedent says, ' I give, devise and bequeath five dollars to my stepbrother, Karl Frederick Hentzler, barber, living at No. 1215 North Twenty-seventh street, Philadelphia. I have been living at his house for a year and was not treated well. I have paid my rent and board and given him many presents, and don't owe him anything.' What, if anything, did Mrs. Schunzel tell you at the time you drew this will for her, with reference to leaving only $5.00 to this man ? "

Objected to. Objections sustained. Exception noted for the defendant by direction of the court. [1]

" Q. What, if anything, did she say to you at the time she drew this will, with reference to the treatment which she received at the hands of Mr. and Mrs. Hentzler ? "

Objected to. Objection sustained. Exception noted for the defendant by direction of the court. [2]

Verdict and judgment for plaintiff for $1,170. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence ; (3) in entering judgment for plaintiff on the verdict ; and (4) in not setting aside the verdict and granting a new trial.

*Samuel H. Kirkpatrick*, with him *M. B. Elwert*, for appellant.

*Henry W. Scarborough*, for appellee.

PER CURIAM, November 19, 1906 :

All the defendant's points for charge were withdrawn excepting the ninth, which was affirmed, the charge was not excepted to, the verdict was regular in form, there was

no motion in arrest of judgment, or for judgment for the defendant non obstante veredicto, no exception was taken to the order overruling the motion for new trial, and the reasons assigned in support of that motion are not printed in the appellant's paper-book. It is plain, therefore, that the plaintiff's motion to quash or dismiss the third and fourth assignments of error is well founded. The case of Stephens v. Gunzenhauser, 27 Pa. Superior Ct. 417, cited by the appellant's counsel in support of the third assignment, is not in point. The decision in that case was put upon the ground that the verdict was unintelligible in form, and was not amendable by this court.

In the first and second assignments, the defendant complains of the action of the court in sustaining the objection to his offer to testify to what the testatrix said to him at the time he drew her will, with reference to the bequest to the plaintiff, and with reference to the treatment which she received at the hands of the plaintiff and his wife. The offer, it is to be noticed, does not set forth the substance or purport of these declarations, so as to enable us to determine whether they were favorable or otherwise to the defendant. According to the ruling in Harris v. Tyson, 24 Pa. 347, this, of itself, would be a valid reason for overruling the assignment. But apart from the objection that the record does not show that the rejection of the offer, even though technically erroneous, harmed the defendant, there is the further obvious objection that, prima facie, the unsworn declarations of the testatrix, in the absence of the plaintiff, at the time she made her will, were irrelevant to the questions at issue, namely, whether she made the alleged contract, or was justified in refusing to perform it. Nor was there anything in the other testimony to show their relevancy. If there were any facts which would make them admissible as part of the res gestæ, as is now claimed, or for any other purpose, they ought to have been set forth in the offer. Upon the record as presented to us we are unable to say that any error was committed in the rejection of the offer of which the defendant has just reason to complain.

All the assignments are overruled, and the judgment is affirmed.