## Lieb, Appellant, *v.* Painter.

*Contract—Delivery of stock—Corporation—Breach of contract—Defenses.*

1. In an action to recover money paid by plaintiff to defendant under an alleged contract by which the defendant was to deliver stock in a particular company then in process of formation, and the defendant denies the testimony of the plaintiff in support of the statement, and avers that the money paid had been paid to the defendant as an officer or agent of the company, and as a part of plaintiff's stock subscription, the question of defendant's liability is, under the conflicting testimony, a question for the jury.

2. In such a case the fact that no stock was ever issued by the company, and that this was through no fault of the defendant, or the fact that the defendant expended the money for the company's benefit, or both facts combined, does not constitute a defense.

*Trial—Evidence—Offers—Practice, C. P.*

3. It is always the duty of a party making an offer when its admissibility is challenged to state the purpose in such manner that court may perceive its relevancy.

Argued Oct. 8, 1909.  Appeal, No. 42, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1906, No. 1,746, on verdict for defendant in case of William S. Lieb v. Charles E. Painter.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Assumpsit to recover back $1,000 paid by plaintiff to defendant under an alleged agreement on the part of the defendant to assign to plaintiff stock of a corporation in process of formation.  Before CARR, J.

At the trial plaintiff made the following offer:

I offer to show by Loder that he was present at the time

this note passed, this being corroborative of Mr. Leib's statement that the transaction took place at the custom house.

Exception noted for plaintiff by direction of the court. [1]

I also offer to show the whole transaction with regard to the Southern Paint Company and show that Mr. Painter, as a matter of fact, was the Southern Paint Company and it was because of him that no stock was issued.

Exception noted for plaintiff by direction of the court. [2]

I now make the offer to corroborate the testimony of the plaintiff in every essential detail with regard to this contract with Mr. Painter, with regard to the time, place and manner in which it took place, in regard to the conversation had with Mr. Painter and the plaintiff.   Exception for plaintiff. [3]

The court charged in part as follows:

[You must find also that the defendant has refused to deliver that stock.   That includes other propositions, viz.: That there has been authority given for the issuance of the stock, or that the failure to issue has been through the fault and wrong of the defendant.] [4]

[If you believe that it has never been issued through no fault of his own, then the defendant is not responsible, even though it were a sale of his individual stock.] [6]

[There is some vague argument made before you that the fault was in Painter, that he mismanaged this company, and it was for that reason that the stock was not issued.   If you believe there was such fault, it must be such fault as would excuse the performance of the work of the directorate in the company to issue the stock.   In other words, if you believe it was purely a business misadventure and through no fault of Painter's the stock was not issued, he would be let out.] [7]

Plaintiff presented this point:

If the jury believe that the plaintiff paid money to the defendant on the faith of defendant's promise to deliver stock and defendant failed to deliver the stock, then the plaintiff has a right to recover the money so paid, from the defendant in this action.   *Answer:* Refused. [10]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions, and (4–10) various instructions including those quoted above.

*Wm. J. Conlen,* of *Conlen, Brinton & Acker,* for appellant.— The plaintiff's position is in accord with the decided cases in this and other jurisdictions: Hudson v. West, 189 Pa. 491; Rose v. Foord, 30 Pac. Repr. 1114.

*Henry J. Scott,* for appellee.

OPINION BY RICE, P. J., April 18, 1910:

This was an action of assumpsit to recover $1,000, which, it was alleged by plaintiff, was paid by him to defendant under a contract of the latter to deliver to him therefor stock in a corporation then in process of formation. The statement of claim alleges that there was no other consideration for the payment than the promise and agreement of defendant to transfer the stock, and that the said consideration wholly failed by reason of the nonperformance by the defendant of his obligation. The contention of the defendant was that the plaintiff agreed to put $5,000 into the company, and that the contract under which the $1,000 was paid, was not between the plaintiff and the defendant individually, but between the plaintiff and defendant as an officer or agent of the company. This was the primary question to be determined. There was evidence from which it could be determined either way and therefore it was for the jury. If the jury determined that question in the defendant's favor, in other words, found that the contract was with the company acting through its officer or agent, and the money was paid to the defendant as such officer or agent, then the plaintiff could not recover under the pleadings, whatever might be his remedy against the company, or his right to recover against the defendant under different pleadings. If, on the other hand, the jury determined the question in the plaintiff's favor, in other words, found that the money was paid to and received by the defendant in his personal capacity only, upon his unconditional personal undertaking to deliver stock

of the company therefor, and there was neglect or refusal on his part to perform within a reasonable time, then the question arises whether the fact that no stock was ever issued by the company, and this was through no fault of the defendant, or the fact that the defendant expended the money in the purchase of machinery and in other ways for the company's benefit, or both facts combined would constitute a defense. We think not, unless the company's failure to issue stock was attributable to some unwarranted action of the plaintiff. The case of Hudson v. West, 189 Pa. 491, while not exactly like the present in all its facts, is closely analogous in principle and sustains the foregoing conclusion. The case of Rose v. Foord, 96 Cal. 152; (30 Pac. Repr. 1114), cited in the appellant's brief, is directly in point. It was there held that where the purchaser of shares of stock to be issued by a mining corporation pays the purchase price, and the corporation is prevented by an injunction from issuing the stock so that the vendor cannot perform his contract, the purchaser, after waiting a reasonable time for the repayment of the purchase money, may maintain an action therefore against the vendor's administrator. As to the plaintiff's remedy and the measure of recovery, the court said: "He was not confined to an action for damages for breach of contract to sell and deliver, and, indeed, such an action would have afforded him no redress, for the stock never having had an existence had no market value, and the rule of damages in such actions could not have been applied."

We need not discuss, seriatim, the several portions of the charge assigned for error. Enough has been said to indicate wherein we differ from the learned trial judge, and the grounds upon which we sustain the fourth to the ninth assignments inclusive. It will be seen also from what we have said, that the plaintiff was not entitled to an unqualified affirmation of his point, the refusal of which is the subject of the tenth assignment of error. The manner in which the case should be submitted to the jury has been sufficiently indicated.

The offer embraced in the second assignment might well have been rejected because of its vague and indefinite character. If the plaintiff deemed it important to show in rebuttal

"that it was because of the defendant that no stock was issued," he ought to have offered to show the facts from which the jury would be asked to draw that conclusion, so that the trial court, as well as the appellate court, could determine their relevancy and sufficiency for the purpose stated. The offers embraced in the first, and third assignments were to corroborate the plaintiff. This evidence, if admissible at all, was admissible in chief, and it is not clear that it was admissible in rebuttal, unless as argued by appellant's counsel, the purpose was to contradict the defendant. But this was not stated as the purpose of the offers, therefore the court ought not to be convicted of error in rejecting them. "It is always the duty of a party making an offer when its admissibility is challenged, to state the purpose in such manner that the court may perceive its relevancy: Germantown Dairy Co. v. McCallum, 223 Pa. 554, citing Piper v. White, 56 Pa. 90. These assignments are not sustained.

The judgment is reversed and a venire facias de novo awarded.