# Feingold, Appellant, *v.* Katz.

*Evidence—Examination of witness—Offer of proof—Failure to make offer.*

Where an assignment of error is to the rejection of an offer, made at the proper time, to prove relevant and material facts by a competent witness, it must be assumed by the appellate court that if the evidence had been admitted it would have come up to the offer; but where a question insufficient in itself, is not accompanied by an offer,

and the court overrules it, there is nothing before the appellate court by which it can determine whether the party asking the question had been injured, and the assignment of error will be overruled. In such a case it is the duty of the party to make a proper offer so as to show the relevancy of the question. The fact that if the question had been more specific, it would have been objectionable as leading, is not an excuse for failing to make a proper offer.

Argued Dec. 17, 1909. Appeal, No. 261, Oct. T., 1909, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1909, No. 5,464, dismissing bill in equity in case of Max Feingold v. Louis Katz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity to declare a sale void and for a receiver for partnership assets. Before BRÉGY, P. J.

The opinion of the Superior Court states the case.

The court entered a decree dismissing the bill.

*Errors assigned* are stated in the opinion of the Superior Court.

*E. Spencer Miller*, for appellant.

*John Weaver*, for appellee.

OPINION BY RICE, P. J., July 20, 1910:

The learned counsel for the appellant states the question involved as follows: "Whether equity will intervene for the relief of a partner who is the victim of fraud in the course of dissolution of the partnership, whereby the other partner has become possessed exclusively of the assets of the firm, which he acquires on the footing of an agreed interpretation of ambiguous words in the stipulated plan of dissolution, which agreed interpretation such other partner repudiates after he has gained possession of the assets?" This may be taken as a sufficient statement of the general scope of the bill, if coupled with the explana-

tory statement that the stipulated plan of dissolution was
in writing and included the submission of each and all
manner of disputes, differences and controversies of what-
soever nature between the parties to the "award, order,
final end, decision and determination" of two persons
named as arbitrators, who were given power, in case of
their disagreement as to any matter, to refer the same to
an umpire to be selected by them. On the trial of the
case the plaintiff called one of the arbitrators as a witness,
who, after he had testified to certain preliminary matters,
was asked the question which is quoted in the first assign-
ment of error; but as no exception was taken to the rul-
ing excluding the question, we need not discuss that as-
signment. Thereupon the plaintiff asked the witness the
question embraced in the second assignment, which we
quote: "Please state whether the parties, Mr. Feingold
and Mr. Katz, joined orally in any modification of the
terms of the written agreement during the sessions of the
arbitrators, and agreeing between themselves on a point
not contained in the agreement of arbitration and dissolu-
tion." To this a general objection was interposed, which
the court sustained and the plaintiff excepted. The plain-
tiff then introduced the award of arbitrators in evidence
and rested without making any other offer or introducing
any other evidence. The question for decision, before
coming to the question as stated by counsel, is whether
under the circumstances above stated error was com-
mitted which materially injured the plaintiff. This, it
seems to us, is left by the record to mere surmise. Where
an assignment of error is to the rejection of an offer, made
at the proper time, to prove relevant and material facts
by a competent witness, it must be assumed by the appel-
late court that if the evidence had been admitted it would
have come up to the offer. But here there was no formal
offer accompanying the question. The question was ob-
jectionable in that it called for the witness's conclusion
upon a mixed question of law and fact. But apart from
this objection and assuming, for the purposes of this dis-

cussion only, that it would have been a legitimate question to ask in support of a clear and distinct offer to prove relevant and material facts, the objection remains that, by reason of the plaintiff's omission to make such offer, we are left wholly to conjecture as to whether the answer of the witness would have been in the affirmative, and, if so, as to whether the point concerning which the oral agreement was made was one involved in this issue. It may be said that if the question had been more specific it would have been objectionable as leading. But that furnishes no reason for not accompanying the question by a clear and distinct offer showing the facts which the plaintiff proposed to prove; the trial court and this court would then have had a clear view of the legal question to be decided. In Piper v. White, 56 Pa. 90, it was said: "It is the duty of a party in making an offer of evidence to state its purpose in such manner that the court may perceive its relevancy." In Germantown Dairy Co. v. McCallum, 223 Pa. 554, the rule was reiterated and its application enforced where the admissibility of the offer was challenged, and the same was done in Lieb v. Painter, 42 Pa. Superior Ct. 399. In Hentzler v. Weniger, 32 Pa. Superior Ct. 164, the appellant complained of the action of the court in sustaining the objection to his offer to testify to what the testatrix said to him, at the time he drew her will, with reference to the bequest to the plaintiff and with reference to the treatment which she received at the hands of the plaintiff and his wife. But the offer did not set forth the substance or purport of those declarations so as to enable us to determine whether they were favorable or otherwise to the appellant, and we said that according to the ruling in Harris v. Tyson, 24 Pa. 347, this, of itself, would be a valid reason for overruling the assignment. So in Kittanning Borough v. Garretts Run Gas Co., 35 Pa. Superior Ct. 167, it was said that an offer of evidence should aver with reasonable distinctness and certainty the facts sought to be proved, because, without this, the appellate court is not able to say that the rejection of the

offer caused any injury. What we said in Kershner v. Kemmerling, 24 Pa. Superior Ct. 181, is not in conflict with the foregoing; it recognizes the right of the opposing counsel to call for an offer where the relevancy of a question put to a witness does not appear in the question itself or in anything that has preceded. But that does not imply that it is not incumbent on the party making the offer to make it sufficiently broad and sufficiently explicit to enable the appellate court, in case of its rejection, to determine whether the ruling injured him or not. Whether the question embraced in the second assignment be regarded merely as such, or as an offer to prove the facts alluded to in the question, it is not apparent that the ruling harmed the plaintiff, and therefore this assignment is overruled.

The third and fourth assignments need not be elaborated upon, because, in the absence of any evidence sustaining the allegations of the bill, the decree was clearly right.

The decree is affirmed at the costs of the appellant.